# EXHIBIT 3

FILED

SEP 18 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEP 11 2000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ADAC LABORATORIES SECURITIES LITIGATION | Master File No. C-98-4934-MHP |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |
| ALL ACTIONS. | DATE: September 18, 2000<br>TIME: 2:00 p.m.<br>COURTROOM: The Honorable Marilyn H. Patel |

1  THIS MATTER having come before the Court on the application of Representative Plaintiffs'
2  Counsel for an award of attorneys' fees and reimbursement of expenses incurred; the Court, having
3  considered all papers filed and proceedings conducted herein, and otherwise being fully informed
4  in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
5  DECREED that:

6  1. All of the capitalized terms used herein shall have the same meaning as set forth in
7  the Stipulation of Settlement dated as of January 11, 2000.

8  2. This Court has jurisdiction over the subject matter of this application and all matters
9  relating thereto, including all members of the class who have not timely and validly requested
10 exclusion.

11 3. The Court hereby awards Representative Plaintiffs' Counsel attorneys' fees in the
12 amount of thirty percent (30%) of the Settlement Fund plus litigation expenses incurred in an
13 aggregate amount of $324,194.57 together with the interest earned thereon for the same period and
14 at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be
15 allocated among Representative Plaintiffs' Counsel by Plaintiffs' Settlement Counsel in a manner
16 which, in Plaintiffs' Settlement Counsel's good faith judgment, reflects each such Representative
17 Plaintiffs' Counsel's contribution to the institution, prosecution and resolution of the litigation. The
18 Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-the-
19 recovery" method.

20 4. The awarded attorneys' fees and expenses shall be paid to Plaintiffs' Settlement
21 Counsel immediately after the date this Order is executed subject to the terms, conditions and

[PROPOSED] ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES- C-98-4934-MHP

- 1 -

obligations of the Stipulation and in particular ¶7.2 thereof, which terms, conditions and obligations are incorporated herein.

DATED: Sept. 18, 2000

THE HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE

Submitted by:

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
KEITH F. PARK
ELLEN GUSIKOFF STEWART

ELLEN GUSIKOFF STEWART

600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: 619/231-1058

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
REED R. KATHREIN
JEFFREY W. LAWRENCE
KIMBERLY C. EPSTEIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545

WOLF POPPER LLP
LESTER L. LEVY
PATRICIA I. AVERY
MICHAEL A. SCHWARTZ
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600

Co-Lead Counsel for Plaintiffs

N:\CASES\ADAC2.SET\SLH80627.ord

[PROPOSED] ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES- C-98-4934-MHP

- 2 -

NOT FOR PUBLICATION

**FILED**

MAR 18 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE LIFESCAN, INC. CONSUMER LITIGATION, | Case Number C-98-20321-JF<br><br>ORDER[1] APPROVING SETTLEMENT AND PLAN OF ALLOCATION; AWARDING ATTORNEYS' FEES AND COSTS; APPROVING SERVICE AWARDS; AND GRANTING THE MOTION TO INTERVENE OF DARLENE TYLER AND THE MOTION OF HER COUNSEL FOR ADMISSION *PRO HAC VICE* |

On March 14, 2002, the Court held a hearing addressing the following motions, requests and objections: (1) the Class Representatives' motion for final approval of the proposed settlement; (2) the Class Representatives' motion for approval of the plan of allocation of the settlement proceeds; (3) Darlene Tyler's motion to intervene; (4) objections to the proposed settlement and fee award by Darlene Tyler and others; (5) a motion by counsel for Darlene Tyler to proceed *pro hac vice*; (6) a motion by counsel for the Class Representatives, Milberg Weiss Bershad Hynes & Lerach LLP, McManis, Faulkner & Morgan and Bushnell, Caplan & Fielding,

---

[1] This disposition is not designated for publication and may not be cited.

COPIES MAILED TO
Case No. C-98-20321 JF
ORDER APPROVING SETTLEMENT ENTERED IN CIVIL DOCKET ON: 3/26/02
(JFLC2)

1  LLP, for an award of attorneys' fees and expenses; (7) the objection of Vincent Occhipinti's
2  objection to the application of counsel for the Class Representatives for attorneys' fees and
3  expenses; (8) a motion by Mr. Occhipinti's counsel, Damrell Nelson Schrimp, for attorneys' fees
4  and expenses; (9) the Class Representatives' request for service awards; and (10) Mr.
5  Occhipinti's request for a service award. The Court has reviewed the voluminous documents
6  filed in connection with these motions, objections and requests and has considered the oral
7  arguments presented at the hearing. The Court finds and concludes as follows:

8      (1)    The proposed settlement is "fundamentally fair, adequate and reasonable" as is
9  required under Fed. R. Civ. P. 23(e) and applicable Ninth Circuit authority. *See Officers for*
10 *Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). The Court finds that the
11 settling parties are in a particularly good position to assess the strengths and weaknesses of their
12 cases in that settlement was reached on the eve of trial after extensive trial preparation. Both
13 sides faced substantial risk in continuing the litigation. The trial was certain to be lengthy and
14 expensive. Experienced counsel negotiated the settlement at arm's length with the assistance of
15 Allen Ruby, an experienced litigator and mediator, and all counsel agree that the settlement is
16 fair and reasonable under the circumstances of this case. Accordingly, the Court has signed the
17 proposed Final Judgment And Order Of Dismissal With Prejudice concurrently with the instant
18 order.

19     (2)    The plan of allocation of the settlement proceeds is fair, reasonable and adequate
20 as required by applicable authority. *See Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284-85 (9th
21 Cir. 1992). In particular, it appears likely that class members will receive reimbursement for at
22 least 100% of their out-of-pocket expenses.

23     (3)    Ms. Tyler seeks to intervene solely for the purpose of objecting to the proposed
24 settlement and fee award and preserving such objections for appeal. Counsel for the Class
25 Representatives contend that Ms. Tyler has standing to present her objections absent
26 intervention. However, in a recent decision, the Ninth Circuit indicated that while an unnamed
27 class member clearly has standing to object to a proposed award of attorneys' fees absent
28 intervention, there is some uncertainty as to whether an unnamed class member has standing to

1  object to a proposed settlement. *Powers v. Eichen*, 229 F.3d 1249, 1252-56 (9th Cir. 2000).
2  Counsel for the Class Representatives contend that even if Ms. Tyler cannot object to the
3  proposed settlement absent intervention, her motion to intervene should be denied because it is
4  untimely and because her interests are represented adequately by the Class Representatives.
5  However, Ms. Tyler's counsel argued at the hearing that the motion is in fact timely because the
6  settlement terms only recently have been agreed upon and because the Class Representatives are
7  unwilling to present Ms. Tyler's objections to the proposed settlement. Because there is
8  uncertainty regarding Ms. Tyler's standing to object to the proposed settlement absent
9  intervention, and because she seeks to intervene for the limited purpose of presenting her
10 objections to the proposed settlement and fee award and preserving those objections for appeal,
11 the Court will grant Ms. Tyler's motion to intervene and will consider her objections.
12       (4)    the objections of Darlene Tyler are without merit because they ignore the
13 particular facts of this case which are relevant to assessment of the proposed settlement and the
14 proposed award of attorneys' fees, including the complex and risky nature of this litigation; the
15 burden assumed by the Class Representatives' counsel in litigating this case for three and one-
16 half years; and the fact that class members likely will receive at least 100% of their out-of-pocket
17 expenses for the defective monitors and strips.[2]
18       (5)    Counsel seek a fee award of 35% of the total cash settlement as well as
19 reimbursement of litigation costs in the amount of $2,620,306.08. With respect to the expenses,
20 the question is whether the costs typically would be billed by attorneys to paying clients. *Harris*
21 *v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). The $2,620,306.08 figure is well-documented and
22 represents costs which typically would be billed to clients. With respect to the fees, the Court
23 concludes that the "reasonable percentage" method appropriately may be applied. The Ninth
24 Circuit has held that under the reasonable percentage method, 25% of the common fund is the

---

[2]  It is unclear whether other individuals who have made objections, namely Ruth and Michael Hartigan, Pamela Herring and Catherine Jackson, have standing to do so absent intervention. The Court nonetheless has considered the objections of these individuals and concluded that they similarly are without merit.

3

Case No. C-98-20321-JF
ORDER APPROVING SETTLEMENT ETC.
(JFLC2)

"benchmark" award. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272-73 (9th Cir. 1989). This figure should be adjusted upward or downward as dictated by the particular circumstances of the case. *Id.* The Court concludes that an upward adjustment to 33% is warranted in the present case based upon the following facts: the settlement achieved was extremely favorable to the class; the settlement was solely the result of the attorneys' hard work over three and one-half years; counsel took on the burden of the contingent fee arrangement and fronted all the litigation expenses; a 33% award reflects the market rate in similar complex, contingent litigation; and the case was very difficult and risky to litigate. Accordingly, the Court will award 33% of the total class settlement, or $14,850,000, in attorneys' fees and $2,620,306.08 in costs.

(6)  Mr. Occhipinti's objection to the application for fees and expenses of counsel for the Class Representatives has been withdrawn pursuant to the agreement reached between counsel for the Class Representatives and Mr. Occhipinti and his counsel, memorialized by the letter agreement presented to the Court at the time of the hearing.

(7)  Mr. Occhipinti's counsel, Damrell Nelson Schrimp, are entitled to attorneys' fees and expenses in the amount of $49,197.87 as set forth in the letter agreement presented to the Court at the time of the hearing.

(8)  the Class Representatives are entitled to service awards in the amount of $25,000 each.

(9)  Mr. Occhipinti is entitled to a service award of $10,000 pursuant to the letter agreement presented to the Court at the time of the hearing.

//
//
//
//
//

4

Case No. C-98-20321-JF
ORDER APPROVING SETTLEMENT ETC.
(JFLC2)

# ORDER

Accordingly, IT IS HEREBY ORDERED:

(1) the motion to intervene of Darlene Tyler and the motion of her counsel for admission *pro hac vice* are GRANTED;

(2) the settlement and plan of allocation are approved and all objections thereto are OVERRULED;

(3) counsel for the Class Representatives are awarded 33% of the total class settlement, or $14,850,000, in attorneys' fees and $2,620,306.08 in costs;

(4) counsel for Vincent Occhipinti are awarded $49,197.87;

(5) the Class Representatives each shall receive a service award of $25,000; and

(6) Vincent Occhipinti shall receive a service award of $10,000.

DATED: 3-18-02

JEREMY FOGEL
United States District Judge

1  Copies of Order mailed on 3-18-0L to:

2

3  Counsel For Class Representatives:

4  Milberg Weiss Bershad Hynes & Lerach LLP
   William S. Lerach, Esq.
5  600 West Broadway, Suite 1800
   San Diego, CA 92101

6
   McManis, Faulkner & Morgan
7  James McManis, Esq.
   160 West Santa Clara Street
8  Suite 1000, Tenth Floor
   San Jose, CA 95113
9
   Bushnell, Caplan & Fielding, LLP
10 Alan M. Caplan, Esq.
   221 Pine Street, Suite 600
11 San Francisco, CA 94104-8700

12 Counsel For Defendants:

13 Keker & Van Nest, LLP
   John W. Keker, Esq.
14 710 Sansome Street
   San Francisco, CA 94111-1704
15
   Quinn Emanuel Urquhart & Oliver, LLP
16 David Eiseman, Esq.
   2479 E. Bayshore Road, Suite 820
17 Palo Alto, CA 94303

18 Counsel For Mr. Occhipinti:

19 Roger M. Schrimp
   Damrell Nelson Schrimp
20 1601 I Street 5th Floor
   Modesto, CA 95354
21
   Counsel For Ms. Tyler:
22
   Charles M. Thompson
23 Charles M. Thompson & Associates
   2142 Highland Avenue
24 Birmingham, AL 35205

25

26

27

28

6

Case No. C-98-20321-JF
ORDER APPROVING SETTLEMENT ETC.
(JFLC2)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SYBASE INC. II SECURITIES LITIGATION | ) Master File No. C-98-0252-CAL ) ) <u>CLASS ACTION</u> ) ) [PROPOSED] ORDER AWARDING ) PLAINTIFFS' COUNSEL'S FEES AND ) EXPENSES ) ) DATE: September 29, 2000 ) TIME: 9:30 a.m. COURTROOM: The Honorable Charles A. Legge |
| This Document Relates To:  ALL ACTIONS. | |

FILED 2000 SEP 29 PM 7:15 RICHARD W. WIEKING U.S. DISTRICT COURT NO. DIST OF CA

ENTERED IN CIVIL DOCKET OCT X 3 2000

COPIES MAILED TO PARTIES OF RECORD

THIS MATTER having come before the Court on September 29, 2000, on the application of counsel for the plaintiffs for an award of attorneys' fees and reimbursement of expenses incurred in this action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meaning as set forth in the Stipulation of Settlement dated as of March 3, 2000 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Plaintiffs' Settlement Counsel attorneys' fees of 30% of the Settlement Fund and reimbursement of litigation expenses in the amount of $619,740.09, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4. The fees and expenses shall be allocated among plaintiffs' counsel by Plaintiffs' Settlement Counsel in a manner which, in Plaintiffs' Settlement Counsel's good-faith judgment, reflects each such plaintiffs' counsel's contribution to the institution, prosecution and resolution of the litigation.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Plaintiffs' Settlement Counsel within three (3) business days after the date this Order is signed

1  subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof
2  which terms, conditions and obligations are incorporated herein.
3      IT IS SO ORDERED.
4
5  DATED: 9/25/08                                   _____
                                                    THE HONORABLE CHARLES A. LEGGE
6                                                   UNITED STATES DISTRICT JUDGE
7  Submitted by:
8  MILBERG WEISS BERSHAD
     HYNES & LERACH LLP
9  WILLIAM S. LERACH
   KEITH F. PARK
10 ELLEN GUSIKOFF STEWART
   HENRY ROSEN
11
12
13 ELLEN GUSIKOFF STEWART
14 600 West Broadway, Suite 1800
   San Diego, CA 92101
15 Telephone: 619/231-1058
16 MILBERG WEISS BERSHAD
     HYNES & LERACH LLP
17 PATRICK J. COUGHLIN
   RANDI D. BANDMAN
18 100 Pine Street, Suite 2600
   San Francisco, CA 94111
19 Telephone: 415/288-4545
20 BERMAN, DeVALERIO, PEASE
     & TABACCO, P.C.
21 JOSEPH J. TABACCO, JR.
   NICOLE LAVALLEE
22 425 California Street, Suite 2025
   San Francisco, CA 94104
23 Telephone: 415/433-3200
24 Co-Lead Counsel for Plaintiffs
25 BARRACK, RODOS & BACINE
   STEPHEN R. BASSER
26 402 West Broadway, Suite 850
   San Diego, CA 92101
27 Telephone: 619/230-0800
28

[PROPOSED] ORDER AWARDING PLAINTIFFS' COUNSEL'S FEES AND EXPENSES- - 2 -
C-98-0252-CAL

| | |
|---|---|
| 1 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
| 2 | JEFFREY A. KLAFTER |
|  | ROCHELLE FEDER HANSEN |
| 3 | 1285 Avenue of the Americas, 33rd Floor |
|  | New York, NY  10019 |
| 4 | Telephone: 212/554-1400 |
| 5 | KIRBY, McINERNEY & SQUIRE, LLP |
|  | JEFFREY H. SQUIRE |
| 6 | 830 Third Avenue, 10th Floor |
|  | New York, NY  10022 |
| 7 | Telephone: 212/317-2300 |
| 8 | BERGER & MONTAGUE, P.C. |
|  | STANLEY R. WOLFE |
| 9 | ROBIN B. SHORE |
|  | 1622 Locust Street |
| 10 | Philadelphia, PA  19103 |
|  | Telephone: 215/875-3000 |
| 11 | |
|  | Executive Committee for Plaintiffs |

N:\CASES\sybase2.sct\SLH80636.ord

[PROPOSED] ORDER AWARDING PLAINTIFFS' COUNSEL'S FEES AND EXPENSES-
C-98-0252-CAL

- 3 -

**FILED**
MAY 8 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECD
MAY 0 3 2000

6/10

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re VALENCE TECHNOLOGY SECURITIES LITIGATION | Master File No. C-95-20459-JW(EAI) |
| | CLASS ACTION |
| This Document Relates To: | [~~PROPOSED~~] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND EXPENSES AND SERVICE AWARDS |
| ALL ACTIONS. | |
| | DATE: May 8, 2000<br>TIME: 9:00 a.m.<br>COURTROOM: The Honorable Edward A. Infante |

ENTERED IN CIVIL DOCKET ON: 5/3/00

1  THIS MATTER having come before the Court on May 8, 2000, on the application of counsel
2  for the Representative Plaintiffs for an award of attorneys' fees and reimbursement of expenses
3  incurred in the litigation, the Court, having considered all papers filed and proceedings conducted
4  herein, having found the settlement of this litigation to be fair, reasonable and adequate and
5  otherwise being fully informed in the premises and good cause appearing therefor;
6  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
7  1. All of the capitalized terms used herein shall have the same meanings as set forth in
8  the Stipulation of Settlement dated as of February 3, 2000 ("Stipulation").
9  2. This Court has jurisdiction over the subject matter of this application and all matters
10  relating thereto, including all members of the Settlement Class who have not timely and validly
11  requested exclusion.
12  3. The Court hereby awards Representative Plaintiffs' Counsel attorneys' fees of thirty
13  percent of the Settlement Fund and expenses in an aggregate amount of $3,791,383.25 [handwritten] together with
14  the interest earned on the cash portion of the Settlement Fund for the same time period and at the
15  same rate as that earned on the Settlement Fund until paid. Said fees ~~and expenses~~ shall be paid in
16  ~~cash and~~ stock in the same proportion that the aggregate Net Settlement Fund is distributed to
17  Authorized Claimants and shall be allocated among Representative Plaintiffs' Counsel in a manner
18  which, in Plaintiffs' Settlement Counsel's good-faith judgment, reflects each such counsel's
19  contribution to the institution, prosecution and resolution of the litigation. The Court finds that the
20  amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.
21  4. To the extent available, the awarded attorneys' fees and expenses, and interest earned
22  thereon, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund immediately after
23  the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and
24  in particular ¶7.2 thereof, which terms, conditions and obligations are incorporated herein.

[PROPOSED] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND
EXPENSES AND SERVICE AWARDS- C-95-20459-JW(EAI)                                                      - 1 -

1  ~~8.   The Court awards the sum of $2500 to Gregg M. Weiss, Gilbert Bergelson and James~~ *not allowed EAI*
2  ~~J. Berry, and the sum of $10,000 to James Varano, in recognition of their time, effort and expense~~
3  ~~of bringing this case on behalf of the class.~~

4  IT IS SO ORDERED.

6  DATED: 5-8-00                    */s/ Edward A. Infante*
                                    THE HONORABLE EDWARD A. INFANTE
7                                   UNITED STATES MAGISTRATE JUDGE

8  Submitted by:

9  MILBERG WEISS BERSHAD
     HYNES & LERACH LLP
10 WILLIAM S. LERACH
   JOY ANN BULL
11 HENRY ROSEN

13 */s/ Joy Ann Bull*
   JOY ANN BULL

15 600 West Broadway, Suite 1800
   San Diego, CA 92101
   Telephone: 619/231-1058

17 MILBERG WEISS BERSHAD
     HYNES & LERACH LLP
   PATRICK J. COUGHLIN
18 RANDI D. BANDMAN
   100 Pine Street, Suite 2600
19 San Francisco, CA 94111
   Telephone: 415/288-4545

21 BERMAN, DeVALERIO, PEASE
     & TABACCO, P.C.
   JOSEPH J. TABACCO, JR.
22 CHRISTOPHER T. HEFFELFINGER
   STACEY J. DANA
23 425 California Street, Suite 2025
   San Francisco, CA 94104
24 Telephone: 415/433-3200

25 Co-Lead Counsel for Plaintiffs

[PROPOSED] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND
EXPENSES AND SERVICE AWARDS- C-95-20459-JW(EAI)                    - 2 -

| | |
|---|---|
| 1 | LIEFF, CABRASER, HEIMANN |
|   | & BERNSTEIN, LLP |
| 2 | ELIZABETH JOAN CABRASER |
|   | JAMES M. FINBERG |
| 3 | Embarcadero Center West |
|   | 275 Battery Street, 30th Floor |
| 4 | San Francisco, CA 94111 |
|   | Telephone: 415/956-1000 |
| 5 |   |
|   | WOLF POPPER LLP |
| 6 | MICHAEL P. FUCHS |
|   | PATRICIA I. AVERY |
| 7 | 845 Third Avenue |
|   | New York, NY 10022 |
| 8 | Telephone: 212/759-4600 |
| 9 | GOODKIND LABATON RUDOFF |
|   | & SUCHAROW, LLP |
| 10 | LAWRENCE A. SUCHAROW |
|   | DIANE ZILKA |
| 11 | 100 Park Avenue, 12th Floor |
|   | New York, NY 10017 |
| 12 | Telephone: 212/907-0700 |
| 13 | COHEN, MILSTEIN, HAUSFELD |
|   | & TOLL P.L.L.C. |
| 14 | STEVEN J. TOLL |
|   | 1100 New York Avenue, N.W. |
| 15 | West Tower, Suite 500 |
|   | Washington, DC 20005 |
| 16 | Telephone: 202/408-4600 |
| 17 | Executive Committee |
| 18 | STRAUSS & TROY |
|   | RICHARD S. WAYNE |
| 19 | ALLAN JEFFERSON FOSSETT |
|   | The Federal Reserve Building |
| 20 | 150 East Fourth Street |
|   | Cincinnati, OH 45202-4018 |
| 21 | Telephone: 513/621-2120 |
| 22 | KAPLAN, KILSHEIMER & FOX, LLP |
|   | ROBERT N. KAPLAN |
| 23 | FREDERIC S. FOX |
|   | 805 Third Avenue, 22nd Floor |
| 24 | New York, NY 10022 |
|   | Telephone: 212/687-1980 |
| 25 |   |
|   | GOLD BENNETT CERA & SIDENER LLP |
| 26 | PAUL F. BENNETT |
|   | GEORGE S. TREVOR |
| 27 | 595 Market Street, Suite 2300 |
|   | San Francisco, CA 94105 |
| 28 | Telephone: 415/777-2230 |

[PROPOSED] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND
EXPENSES AND SERVICE AWARDS- C-95-20459-JW(EAI)

- 3 -

```
 1  ZWERLING, SCHACHTER &
      ZWERLING, LLP
 2  ROBERT S. SCHACHTER
    767 Third Avenue
 3  New York, NY 10017-2023
    Telephone: 212/223-3900
 4
    POMERANTZ HAUDEK BLOCK
 5    GROSSMAN & GROSS LLP
    STANLEY M. GROSSMAN
 6  PAUL O. PARADIS
    100 Park Avenue, 26th Floor
 7  New York, NY 10017-5516
    Telephone: 212/661-1100
 8
    WEISMAN, GOLDBERG & WEISMAN
 9  R. ERIC KENNEDY
    1600 Midland Building
10  Landmark Office Tower
    Cleveland, OH 44115
11
    WEISS & YOURMAN
12  JOSEPH H. WEISS
    551 Fifth Avenue, Suite 1600
13  New York, NY 10176
    Telephone: 212/682-3025
14
    WEISS & YOURMAN
15  KEVIN J. YOURMAN
    10940 Wilshire Blvd.
16  Suite 2300
    Los Angeles, CA 90024
17  Telephone: 310/208-2800

18  BARRACK, RODOS & BACINE
    EDWARD M. GERGOSIAN
19  600 West Broadway, Suite 1700
    San Diego, CA 92101
20  Telephone: 619/230-0800

21  LAW OFFICES OF LIONEL Z. GLANCY
    LIONEL Z. GLANCY
22  1801 Avenue of the Stars, Suite 311
    Los Angeles, CA 90067
23  Telephone: 310/201-9150

24  STARR & HOLMAN LLP
    ZACHARY ALAN STARR
25  10 East 40th Street, 29th Floor
    New York, NY 10016
26  Telephone: 212/684-6442

27

28
```

[PROPOSED] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND
EXPENSES AND SERVICE AWARDS- C-95-20459-JW(EAI)                    - 4 -

| | |
|---|---|
| 1 | LAW OFFICES OF CURTIS V. TRINKO, LLP |
| | CURTIS V. TRINKO |
| 2 | 16 West 46th Street, Seventh Floor |
| | New York, NY 10018 |
| 3 | Telephone: 212/490-9550 |
| 4 | SAVETT FRUTKIN PODELL & |
| | RYAN, P.C. |
| 5 | ROBERT P. FRUTKIN |
| | 325 Chestnut Street, Suite 700 |
| 6 | Philadelphia, PA 19106 |
| | Telephone: 215/923-5400 |
| 7 | |
| | JAROSLAWICZ & JAROS |
| 8 | DAVID JAROSLAWICZ |
| | 150 William Street, 19th Floor |
| 9 | New York, NY 10038 |
| | Telephone: 212/227-2780 |
| 10 | |
| | LEVIN, FISHBEIN, SEDRAN & BERMAN |
| 11 | ARNOLD LEVIN |
| | 510 Walnut Street, Suite 500 |
| 12 | Philadelphia, PA 19106 |
| | Telephone: 215/592-1500 |
| 13 | |
| | PRONGAY & BORDERUD |
| 14 | KEVIN M. PRONGAY |
| | 881 Alma Real Drive, Suite 211 |
| 15 | Pacific Palisades, CA 90272 |
| | Telephone: 310/573-3600 |
| 16 | |
| | FINKELSTEIN & KRINSK |
| 17 | JAMES A. CAPUTO |
| | 501 West Broadway, Suite 1250 |
| 18 | San Diego, CA 92101 |
| | Telephone: 619/238-1333 |
| 19 | |
| | Attorneys for Plaintiffs |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | N:\CASES\Valence.sct\SLH80406.wd |

[PROPOSED] ORDER AWARDING CLASS REPRESENTATIVES' COUNSEL'S FEES AND
EXPENSES AND SERVICE AWARDS- C-95-20459-JW(EAI)                                  - 5 -