# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re ENTROPIN, INC.<br>SECURITIES LITIGATION | Case No. CV 04-6180-RC<br><br>CLASS ACTION |

### AFFIDAVIT OF PAUL MULHOLLAND, CPA, CVA, CONCERNING MAILING OF NOTICE OF SETTLEMENT OF CLASS ACTION AND PROOF OF CLAIM FORM; PUBLICATION OF SUMMARY NOTICE; ADDITIONAL PROCEDURES TO LOCATE AND CONTACT CLASS MEMBERS; AND THE STATUS OF CLAIMS FILED

I, Paul Mulholland, being duly sworn, depose and say:

1.     I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Settlement of Class Action ("Notice") and the Proof of Claim form ("Claim Form") (collectively, "Notice Claim Form"); publication of the Summary Notice; procedures performed to locate and contact Class Members; and the status of claims filed to date. I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm.  I am a Certified Public Accountant and a Certified Valuation Analyst.  I have over fifteen (15) years of experience specializing in claims administration for class action

settlements and I have administered over one-hundred thirty-five (135) cases. SCS was established in April 1999 and has administered over eighty-five (85) class actions since its inception. SCS was retained by Counsel for the Class to provide administrative services as part of the settlement administration process in the above-captioned litigation.

3.     Our services in this case included supervising the printing of the Notice Claim Form; providing Notice Claim Forms to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide individual notice to Class Members, both individually and on a published basis; performing "skip-tracing" services, internet searches, private investigative services; distributing, accepting and processing Claim Forms filed by Class Members; reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are supported by sufficient documentary evidence; providing notice of deficient or rejected claims, when appropriate; calculating recognized losses of the Class, on both an individual and Class-wide basis; and all other services necessary to administer this securities litigation class action settlement (the "Settlement").

4.     So as to provide actual notice to Class Members, SCS mailed Notice Claim Forms to all 772 potential Class Members who were contained on the various documents provided by Entropin, Inc's ("Entropin") transfer agent's list, various underwriters' lists, and other lists provided by Class Counsel ("Class Members List"). This Class Members List provides names, addresses, phone numbers and emails (if applicable) and other contact information. See Class Members List attached as **Exhibit A-1** and the Notice Claim Form attached as **Exhibit A-2**.

5.     SCS also attempted to contact Class Members on the Class Member List via phone call and/or e-mail, if available. SCS made

approximately 150 phone calls attempting to contact Class Members and promote filing claims in the Settlement.  Any Class Members SCS contacted by phone were sent another Notice Claim Form.  In addition, several follow-up phone calls were made to these Class Members who did not file.

6.     On or about January 7, 2008, we mailed out a second notice or reminder letter to the 729 persons or entities on the Class Members List who did not file a claim as of that date.  Please see **Exhibit B** for a copy of this second notice.  In addition, SCS mailed another Notice Claim Form to Class Members, if requested.

7.     Throughout February 2008, SCS performed extensive internet searches (using Switchboard.com, Dogpile.com, Tel.Search.ch, Google.com, WhitePages.com, and other internet search engines) to obtain any updated contact information for person or entities on the Class Members List who did not file a claim.  For all successful searches, SCS immediately attempted to contact the person or entities on the Class Members List (via phone call and/or letter) and provided them another Notice Claim Form, if requested.

8.     On March 17, 2008, the Court amended the Order of Preliminary Approval of Settlement, filed November 8, 2007 (the March 17, 2008 Order"). This amended Order, among other things, extended (1) the exclusion or opt-put deadline to April 26. 2008; (2) the objection deadline to April 25, 2008; and (3) the claims filing deadline to April 26, 2008.

9.     Subsequent to the March 17, 2008 Order, SCS continued to search and contact Class Members.

10.     To cast a wider net in search of Class Members, SCS retained a private investigator, Talone and Associates Investigations ("Talone").  SCS

1  sent Talone a listing of all known Class Members with large[1] purchases of
2  Entropin Units (common stock and warrants) acquired in the Public
3  Offering and/or large purchasers (warrants and Private Placement common
4  stock) who did not file a claim.  See this listing attached as **Exhibit C**.
5  Talone was successful in locating and verifying the names and addresses of
6  85% of these Class Members contained in **Exhibit C**.

7      11.    Using this updated information, SCS contacted each of these
8  Class Members two times via phone call.  In addition, SCS sent a letter and
9  a revised Notice Claim Form[2] to each of these Class Members. This was
10 completed on or before April 1, 2008, thus, allowing Class Members at least
11 26 days to file a claim on or before the April 26, 2008 claims filing
12 deadline.  See **Exhibit D-1** for a sample of this letter sent to each of these
13 Class Members and **Exhibit D-2** for a copy on the revised Notice Claim
14 Form. .

15     12.    These additional efforts along with SCS's ongoing follow-up
16 procedures to contact Class Members resulted in 176 additional claims filed
17 since my last affidavit dated February 18, 2008. As a result of this,
18 Recognized Losses have increased by approximately $1.34 million for the
19 Public Offering Units; $410,000 for the Private Placement Shares; and
20 $20,000 for the Warrants purchased after the Public Offering.

21     13.    SCS also mailed a letter and a Notice Claim Form to each of
22 the brokerage companies, banks and trust companies, mutual funds,
23 insurance companies and other financial institutions contained on our
24 master mailing list.  This master list consists of the 757 largest banks and
25 brokerage companies ("Nominee Account Holders"), as well as 1,176

---

[1] This represents all known Class Members who purchased 5,000 or more common stock in the Public Offering as provided in the Class Members List.
[2] The revised Notice and Claim Form included the revised dates as provided in the March 17, 2008 Order.

mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups") which may have acquired Entropin securities during the Class Period as follows:

(1)   COMMON STOCK OF ENTROPIN IN ITS JULY 1999 THROUGH SEPTEMBER 1999 PRIVATE PLACEMENTS, OR

(2)   COMMON STOCK AND WARRANTS AS A UNIT IN ENTROPIN'S MARCH 15, 2000 PUBLIC OFFERING, OR

(3)   WARRANTS AFTER THE MARCH 15, 2000 PUBLIC OFFERING BUT NOT LATER THAN MAY 15, 2001

SCS requested that these Nominee Account Holders to either distribute Notice Claim Forms to beneficial holders directly (the cost for which they were reimbursed), or provide SCS with lists of the names and addresses of actual or beneficial holders so that SCS could mail Notice Claim Forms directly to them.   **Exhibit E** is the letter sent to the Nominee Account Holders and Institutional Groups.

14.   SCS completed this mailing along with the 772 person or entities on the Class Members List on or before November 29, 2007 to comply with the Court's November 8, 2007 Order.  To date, we have mailed out 5,424 Notice Claim Forms including 1,933 Notice and Claim Forms sent to Nominee Account Holders and Institutional Groups, 2,719 Notice Claim Forms from brokers and nominee requests, and 772 Notice Claim Forms from the names and addresses provided in the Class Members List.

15.   SCS, also, personally contacted by phone and e-mail all large Nominee Account Holders and Institutional Groups to obtain names and addresses of Entropin Class Members, where applicable.

16.   SCS performed additional procedures to locate claimants. For any undeliverable mailings that were returned to our office, SCS retained a nationally recognized address search or "skip-tracing" firm (Experian, Inc.) that specializes in obtaining updated address. To date, SCS has received 280 Notice Claim Forms returned as undeliverable mailings. Of these, 20 had forwarding addresses as provided from the United States Postal Service. The remaining 260 of these undeliverable mailings were "skip-traced". Of these, we were able to obtain 60 updated addresses. SCS then re-mailed a Notice Claims Forms using these updated addresses to each of these 60 potential Class Members

17.   As required by the Court's November 8, 2007 Order, the Summary Notice was published once in *Investor's Business Daily* as well as electronically over PrimeNewswire on or before November 29, 2007, as shown in the affidavit of Publication attached hereto as **Exhibit F**.

18.   To date, SCS has received two requests for exclusion. Roger N. Squire, II is the Trustee or Custodian for six related account requesting that each of the account to be excluded from the Class. In addition, Charles and Joyce Classen requested to be excluded from the Class. See **Exhibit G** for a copy of these requests to be excluded from the Class.   Neither of these persons seeking exclusion appear to be Class Members as they purchased Entropin common stock in the open market after the March 15, 2000 Public Offering.   SCS has not received any objections from any Class Members or other persons.

19.   SCS has received 357 claims filed to date.   Based on our review of these claims and subject to further review and verification, SCS calculated the estimated Recognized Losses as follows:

| Security | $ Amount | # |
|----------|----------|---|
| Units in Public Offering | | |
| Common Stock | $2,063,615 | 346,805 Shares |
| Warrants | $ 27,272 | 220,465 Warrants |
| Private Placement Shares | $1,050,545 | 268,250 Shares |
| Warrants | $42,890 | 357,420 Warrants |

Attached as **Exhibit H** are the Recognized Losses for each claim filed to date.

20.     To date, SCS has incurred fees and expenses for services rendered in connection with the administration in the amount of $71,510.91 as set forth in our initial invoice attached as **Exhibit I**.  These fees and expenses incurred through May 6, 2008 cover a variety of services, including but not limited to:  (1) creating data bases and programming services; (2) arranging for the printing of Notice Claim Forms and the publication of the Summary Notice; (3) printing mailing labels, generating lists of nominees and potential claimants for the initial mailing of the Notice Claim Forms; (4) fulfilling all subsequent requests from nominees and Entropin beneficial owners for copies of the Notice Claim Form; (5) conducting follow-up fax, phone, e-mail with nominees to reach their beneficial holders of Entropin securities; (6) reviewing and analyzing claims; (7) sending out notifications for those claims which were deficient or otherwise rejected; (8) calculating the approved Recognized Losses for ultimate distribution of the net Settlement Fund to claimants; (9) preparing income tax returns; (10) preparation of affidavits; (11) preparation of reports and exhibits; (12) correspondence with brokers and nominees and Class counsel; (13) website services; (14) various phone calls, e-mails and

1  faxes to potential Class Members; (15) "skip tracing" for undeliverable

2  mailings; (16) internet searches for Class Members who did not file claims;

3  (17) performing private investigative services; and (18) and other

4  administrative services.   Subject to the Court's final approval, SCS will

5  submit a final bill for future fees and expenses prior to distribution of the

6  Net Settlement Fund to valid claimants.

7

8

9

10

11                                          Paul Mulholland, CPA, CVA

12

13  Sworn to and Subscribed before me

14  This  8th  day of May 2008

15  In the County of Delaware,

16  Commonwealth of Pennsylvania

17

18

19  Notary Public

20

21              COMMONWEALTH OF PENNSYLVANIA
                        Notarial Seal
22          Christina L. Kerper, Notary Public
            Upper Providence Twp., Delaware County
            My Commission Expires Nov. 12, 2010
23          Member, Pennsylvania Association of Notaries

24

25

26

27

28