UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

---

IN RE ENTROPIN, INC. SECURITIES LITIGATION

X
:
:
:
X

Case No. CV 04-6180-RC

CLASS ACTION

---

## NOTICE OF SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired:

(1) common stock of Entropin, Inc. ("Entropin") in its July through September 1999 private placements (the "Private Placements"), or

(2) common stock and warrants of Entropin as a unit at $7.25 per unit ($7.00/share and $0.25/warrant, the "Units") in Entropin's March 15, 2000 public offering (the "Public Offering"), or

(3) publicly traded warrants of Entropin ("Warrants") after the March 15, 2000 public offering through May 15, 2001 (inclusive), you could get a payment from a class action settlement.

*Under law, a federal court has authorized this notice.*

- The settlement will provide up to $4,500,000.00, plus interest, to pay claims of investors who purchased Entropin stock in the Private Placements, Units in the Public Offering, or Warrants prior to May 15, 2001.

- The settlement represents: (1) an average recovery of $0.61 per share of common stock purchased in the Private Placements (for the 711,200 shares purchased in the Private Placements), (2) an average recovery of $2.60 per Unit purchased in the Public Offering (for the estimated 1.55 million "damaged" Units, i.e. Units purchased in the Public Offering and held by Class Members through October 2, 2000, the date of the first stock price drop related to the alleged fraud), and (3) an average recovery of $0.03 per Warrant (for the estimated 1.28 million Warrants purchased by Class Members following the Public Offering and prior to May 15, 2001).

- For purposes of comparison, Lead Plaintiffs' Counsel estimates that maximum recoverable damages at trial if Plaintiffs prevail on all claims would be: (1) $4.00 per share of common stock (based on 711,200 damaged Private Placement shares), (2) $5.43 per Unit (based on 1.55 million damaged Units), and (3) $0.12 per Warrant (based on the statutory limit on damages for claims under §11 of the Securities Act of 1933). Defendants disagree with Lead Plaintiffs' Counsels' estimates as to the maximum amount of damages recoverable at trial. These averages are estimates and are before deduction of any Court-approved fees and expenses.

- Attorneys for the Lead Plaintiffs intend to ask the Court to award them fees of up to $1.9 million of the settlement and reimbursement of litigation expenses not to exceed $375,000.00. Collectively, the attorney's fees and expenses are estimated to average: (1) $.32 per share of common stock purchased in the Private Placements, (2) $1.37 per Unit purchased in the Public Offering, and (3) $.017 per Warrant purchased following the Public Offering. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorney's fees and expenses approved by the Court, is an average of: (1) $.29 per share of common stock purchased in the Private Placements, (2) $1.23 per Unit purchased in the Public Offering, and (3) $.016 per Warrant purchased following the Public Offering. These are estimates based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price and the number of Proof of Claim forms filed.

- The settlement resolves lawsuits concerning whether, in violation of state and federal laws, Entropin and two of its principal officers misled investors concerning the effectiveness of Entropin's developmental drug candidate, Esterom, and the prospects for its commercialization. Defendants deny the allegations in the lawsuit and deny any wrongdoing. The parties disagree on liability and damages.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may forfeit your right to recover forever on this claim. Therefore, read this notice carefully.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Submit A Claim Form No Later Than February 26, 2008** | The only way to get a payment. |
| **Exclude Yourself No Later Than January 29, 2008** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **Object No Later Than January 29, 2008** | Write to the Court about why you do not like the settlement. |
| **Go To A Hearing On March 26, 2008** | Speak in Court about the fairness of the settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

## Inquiries

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

Entropin Securities Litigation
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063
Tel: (866) 274-4004
www.strategicclaims.net

## Common Questions And Answers Concerning The Settlement

### 1. Why did I get this Notice?

You or someone in your family may have acquired Entropin common stock or warrants, either separately or in Units (together the "Entropin Securities").

### 2. What is this lawsuit about?

The case is known as *In re Entropin, Inc. Securities Litigation*, CV 04-6180-RC (C.D. Cal.) (the "Action"), and the Court in charge of the case is the United States District Court for the Central District of California.

The lawsuit involves whether, in violation of federal and state laws, Entropin and two of its principal officers misled investors about the effectiveness of Entropin's developmental drug candidate, Esterom, and the prospects for its commercialization. Entropin, Inc., Higgins Bailey and Thomas Tachovsky are among the Defendants. All Defendants deny they did anything wrong. The Settlement resolves all of the claims in this lawsuit.

### 3. Why is this a class action?

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to as a Class and individual persons and/or entities are known as Class members. One court resolves all of the issues for all Class members, except for those Class members who exclude themselves from the Class.

### 4. Why is there a Settlement?

Lead Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which the parties disagree include: (1) whether Defendants made any materially false and misleading statements; (2) whether Defendants made the statements with the requisite knowledge; (3) whether the statements were the cause of the investors' alleged damages; (4) the amount of damages, if any, suffered by investors during the period from June 1, 1999, through May 15, 2001; and (5) whether Lead Plaintiffs' claims are barred by the statute of limitations.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the lawsuit. The Lead Plaintiffs and their Counsel believe the settlement is best for all Class members because Entropin is no longer operating as an active business and has

virtually no assets to pay a Judgment if Plaintiffs win at trial. Moreover, even if Plaintiffs win at trial, and withstand Defendants' inevitable challenge on appeal, Plaintiffs would not be able to collect some, or all, of the Judgment.

## 5. How do I know if I am part of the Class settlement?

To be a Class member, you must have purchased or otherwise acquired:

(1) common stock of Entropin in a series of private placements from July through September 1999 (the "Private Placement Class"), or

(2) Units at a price of $7.25 per Unit ($7.00 per common share and $0.25 per warrant) in the March 15, 2000 Public Offering (the "Public Offering Class"), or

(3) Entropin warrants on the Nasdaq market during the period from March 15, 2000 through May 15, 2001 (the "Warrant Class").

## 6. Are there exceptions to being included?

Yes. You are not a Class member if you are a Defendant, a member of the family of one of the individual Defendants, a parent, subsidiary, affiliate, partner, officer, executive, or director of any Defendant, an entity in which any excluded person has or had a controlling interest, or the legal representative, heir, successor, or assign of any such excluded person or entity. Also, if you exclude yourself from the Class, as described below, you are not a part of the Class.

## 7. What the Settlement provides?

**a. What is the Settlement Fund?**

The proposed Settlement calls for Defendants to create a Settlement Fund in the amount of $4,500,000.00. This $4,500,000.00 has been deposited into an interest bearing account, the "Gross Settlement Fund." Subject to the Court's approval, a portion of the Gross Settlement Fund also will be used to pay Lead Plaintiffs' attorney's fees and reasonable litigation expenses. A portion of the Gross Settlement Fund will also be used to pay taxes due on interest earned by the Gross Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court or the Stipulation. After the foregoing deductions from the Gross Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class members who submit valid claims.

**b. What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) whether you purchased Units in the Public Offering, stock in the July through September 1999 Private Placements, or Warrants on the Nasdaq market; (iii) whether you sold your Entropin Securities or held your Entropin Securities through October 2, 2000, and/or December 6, 2002; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiffs for attorney's fees, costs and expenses.

The Recognized Loss of each Authorized Claimant shall be calculated according to the following formula:

    1. a. For each share of Stock purchased in the Public Offering, the difference between (a) $7.00 and (b) the sale price (if sold between October 2, 2000, and December 6, 2002), or $0.42 if held through December 6, 2002.[1] Each Public Offering Class member shall receive a maximum of 25% of his/her Recognized Loss, after payment of attorney's fees and expenses, with the possibility of a small pro rata upward adjustment to the extent the value of claims filed is less than $900,000.00.

    b. For each Warrant purchased by said member in the Public Offering, Recognized Loss is the difference between (a) $.25 and (b) the sales price (if sold at less than $.25 between October 2, 2000, and September 6, 2002), or $.13 if held through September 6, 2002.

    2. For each share of Stock purchased in a Private Placement, the difference between the purchase price and the sale price (if sold between October 2, 2000, and December 6, 2002) or $0.00 if held until December 9, 2002. Members of the Private Placement Class are not subject to any maximum payment on the amounts that they will receive, but the total available for distribution to the Private Placement Class and the Warrant Class will be $225,000.00, to be distributed pro rata.

    3. For each Warrant purchased from March 15, 2000, through May 15, 2001, the difference between the purchase price of the Warrant and the sale price (if sold at less than $.25 between October 2, 2000, and September 6, 2002), or $0.13 if held until September 9, 2002. Members of the Warrant Class are not subject to any maximum

---

[1] For Class members who conducted multiple transactions in Entropin Securities, the earliest subsequent sale shall be matched first against those Shares or Warrants in the Claimant's earliest opening position, and then matched chronologically thereafter against each subsequent purchase.

payment on the amounts that they will receive, but the total available for distribution to the Private Placement Class and the Warrant Class will be $225,000.00, to be distributed pro rata.

### 8. How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim and Release form. This claim form is attached to this Notice. You may also obtain a claim form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the locations indicated, include all the documents the form asks for, and mail the claim form and documentation, postmarked no later than February 26, 2008, to:

> Entropin Securities Litigation
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> Media, PA 19063

The Claims Administrator will process your claim and determine if you are an "Authorized Claimant"—meaning that your claim satisfies the requirements approved by the Court.

### 9. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class members will release (cannot sue, continue to sue, or be part of any other lawsuit) all claims against Defendants and all other persons and entities in connection with your acquisition or sale of Entropin stock, Warrants or Units at any time. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any person or entity to recover losses from the acquisition or sale of Entropin stock, Warrants or Units at any time. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Entropin stock, Warrants or Units at any time.

### 10. How do I get out of the Settlement?

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal claims raised in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or "opting out" of the Class. To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class member from *In re Entropin, Inc. Securities Litigation,* CV 04-6180-RC (C.D. Cal.). Be sure to include your name, address, telephone number and your signature, along with a list of all of your purchases and sales in Entropin Securities in order to show your membership in the Class. You must mail your exclusion request, postmarked no later than January 29, 2008, to:

> Entropin Securities Litigation
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> Media, PA 19063

You cannot exclude yourself by telephone or by e mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 11. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

### 12. Do I have a lawyer in this case?

The Court appointed the Catanzarite Law Corporation to represent you and the other Class members. These lawyers are called Lead Plaintiffs' Counsel or Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Lead Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis, and have advanced the expenses of the litigation with the expectation that if they are successful in recovering money for the Class, they will receive attorney's fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Therefore, Lead Plaintiffs' Counsel will file a motion asking the Court at the

4

Fairness Hearing to make an award of attorney's fees in an amount not to exceed $1.9 million and for reimbursement of reasonable litigation expenses not to exceed $375,000.00. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Gross Settlement Fund.

### 14. How do I tell the Court that I do not like the Settlement?

You can tell the Court you do not agree with the Settlement, any part of the Settlement, or Lead Plaintiffs' Counsels' motion for attorney's fees, and that you think the Court should not approve the Settlement, by mailing a letter stating you object to the Settlement in *In re Entropin, Inc. Securities Litigation,* CV 04-6180-RC (C.D. Cal.). Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of Entropin Securities to show your membership in the Class, and all of the reasons you object to the Settlement. Be sure to mail the objections to the two different places listed below, postmarked no later than January 29, 2008, so the Court will consider your views:

| COURT | CLASS COUNSEL |
|---|---|
| Clerk of the Court<br>United States District Court<br>Central District of California<br>312 N. Spring Street, Room G-8<br>Los Angeles, CA 90012 | Kenneth J. Catanzarite, Esq.<br>Catanzarite Law Corporation<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801 |

### 15. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class. Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

### 16. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on March 26, 2008, at 9:30 a.m., at the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 23, Third Floor, Los Angeles, CA 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Plaintiffs' Counsel for attorney's fees and expenses.

### 17. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

### 18. What happens if I do nothing at all?

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims in this case ever again.

DATED: November 8, 2007

                                                   /s/ Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE
THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

[THIS PAGE INTENTIONALLY LEFT BLANK]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

----------------------------------------- X
IN RE ENTROPIN, INC. SECURITIES LITIGATION  :   Case No. CV 04-6180-RC
                                            :   CLASS ACTION
----------------------------------------- X

**TO ALL ENTROPIN, INC. CLASS MEMBERS:**

## I. GENERAL INFORMATION AND INSTRUCTIONS

A. <u>Settlement Of Class Action Regarding Entropin, Inc.</u>: There has been a Settlement in a case entitled *"In re Entropin, Inc. Securities Litigation,"* case no. CV 04-6180-RC, pending in the United States District Court for the Central District of California. The case was brought on behalf of a Class consisting of:

**ALL PERSONS WHO ACQUIRED:**

(1) COMMON STOCK OF ENTROPIN IN ITS JULY 1999 THROUGH SEPTEMBER 1999 PRIVATE PLACEMENTS, OR

(2) COMMON STOCK AND WARRANTS AS A UNIT IN ENTROPIN'S MARCH 15, 2000 PUBLIC OFFERING, OR

(3) WARRANTS AFTER THE MARCH 15, 2000 PUBLIC OFFERING BUT NOT LATER THAN MAY 15, 2001

B. <u>You May Be Entitled To A Recovery and What To Do To Get It</u>: If you are a member of the Class, you are entitled to a recovery. In order to obtain your recovery, you must:

1. Complete and sign a Proof of Claim (provided below) and submit it on a timely basis. If you fail to do so, your claim may be rejected and you may be precluded from any recovery.

2. Mail your completed and signed Proof of Claim, postmarked on or before February 26, 2008, to:

> Entropin Securities Litigation
> Claims Administrator
> c/o Strategic Claims Services
> P.O. Box 230
> Media, PA 19063

C. <u>How To Exclude Yourself From The Settlement</u>: If you are a member of the Class and you do not want to participate in the Settlement, you must submit a written request for exclusion, postmarked no later than January 29, 2008, to the Claims Administrator at the above address. If you do not do so, you will be bound by the terms of any Judgment entered in the case, even if you do not submit a proof of claim and release.

## II. CLAIMANT IDENTIFICATION.

*This information concerns Part I of the Proof of Claim.*

A. <u>Explanation As To Whether You Are A Beneficial Purchaser Or Record Purchaser</u>: If you purchased or otherwise acquired Entropin Stock or Warrants and held them in your name, you are the beneficial purchaser and the record-purchaser. If you purchased or otherwise acquired Entropin Stock or Warrants and they were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

B. <u>Beneficial Purchaser Or His/Her Legal Representative Must Submit Claim</u>: Only the actual beneficial purchaser(s), or the legal representative of such purchaser(s), can submit a claim.

C. <u>Requirements For Joint Purchasers, Executors, Etc.</u>: All joint purchasers must sign the claim form. Executors, administrators, guardians, conservators and trustees must complete and sign the claim form on behalf of persons represented by them, state their titles or capacities, and provide proof of their authority, which must accompany the claim form. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner must be used in verifying the claim.

### III. DETAILS TO SUPPORT YOUR CLAIM.

*This information concerns Part II of the Proof of Claim.*

A. In Part II of the Proof of Claim, you should supply all required details of your transaction(s) in Entropin Stock and Warrants. If you need more space or additional schedules, attach additional sheets giving all of the required information in substantially the same form. Print your name on each additional sheet and sign it, as well.

B. On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of Entropin Stock and Warrants which took place at **any** time, whether such transactions resulted in a profit or a loss.

C. List each transaction separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

D. The term "Purchase Price" means the amount paid for the securities (excluding commissions and transfer taxes) and the term "Sales Price" means the amount realized on the sale of the securities (excluding commissions and transfer taxes). The date of the purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" or "payment" date.

E. Broker confirmations or other documentation of your transactions in Entropin Stock and Warrants must be attached to your claim.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

### PROOF OF CLAIM

*In re Entropin, Inc. Securities Litigation,* CV 04-6180-RC (C.D. Cal.)
Must be Postmarked No Later Than
February 26, 2008

*Please Type or Print*

### PART I: CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Joint Owner's Name (First, Middle, Last)

Record Owner's Name (if different from Beneficial Owner listed above)

Street Address

State or Province    Zip Code or Postal Code

City

Foreign Province    Foreign Country

Social Security Number: ___-__-____    OR    Taxpayer Identification Number: __-_____

Check appropriate box:
☐ Individual/Sole Proprietor  ☐ Corporation  ☐ IRA  ☐ Partnership  ☐ Pension Plan  ☐ Trust  ☐ Other: _____

Area Code  Telephone Number (Work)    Area Code  Telephone Number (Home)    Area Code  Fax Number

E-Mail Address

8

**PART II: SCHEDULE OF TRANSACTIONS IN ENTROPIN STOCK AND WARRANTS.**

    A. Number of shares of Entropin Stock held at the beginning of trading on July 1, 1999: _____

    B. Purchases or Acquisitions of Stock in the July 1999 through September 1999 Private Placements:

| Type of Entropin Security Purchased (Stock) | Trade Date (List Chronologically) (Month / Day / Year) | Number of Shares Purchased or Acquired | Total Purchase Price |
|---|---|---|---|
| 1. _____ | __/__/__ | _____ | $_____.__ |
| 2. _____ | __/__/__ | _____ | $_____.__ |
| 3. _____ | __/__/__ | _____ | $_____.__ |
| 4. _____ | __/__/__ | _____ | $_____.__ |

**IMPORTANT:** Identify by number listed above all purchases in which you covered a "short sale": _____

    C. Purchases or Acquisitions of Units consisting of one common share and one warrant at $7.25 per Unit ($7.00/share and $0.25/warrant) in the March 15, 2000 Public Offering:

| Entropin Units Purchased or Acquired ($7.25/Unit, Stock at $7.00/share or Warrants at $0.25/Warrant) | Trade Date (List Chronologically) (Month / Day / Year) | Number of Units Purchased or Acquired | Total Purchase Price $7.25/Unit |
|---|---|---|---|
| 1. _____ | __/__/__ | _____ | $_____.__ |
| 2. _____ | __/__/__ | _____ | $_____.__ |
| 3. _____ | __/__/__ | _____ | $_____.__ |
| 4. _____ | __/__/__ | _____ | $_____.__ |

**IMPORTANT:** Identify by number listed above all purchases in which you covered a "short sale": _____

    D. Purchases or Acquisitions of Warrants and Stock from July 1, 1999 through and including December 6, 2002, other than identified above:

| Warrants and Stock Purchased on the Nasdaq | Trade Date (List Chronologically) (Month / Day / Year) | Number of Warrants or Stock Purchased or Acquired | Total Purchase Price |
|---|---|---|---|
| 1. _____ | __/__/__ | _____ | $_____.__ |
| 2. _____ | __/__/__ | _____ | $_____.__ |
| 3. _____ | __/__/__ | _____ | $_____.__ |
| 4. _____ | __/__/__ | _____ | $_____.__ |
| 5. _____ | __/__/__ | _____ | $_____.__ |
| 6. _____ | __/__/__ | _____ | $_____.__ |
| 7. _____ | __/__/__ | _____ | $_____.__ |
| 8. _____ | __/__/__ | _____ | $_____.__ |

**IMPORTANT:** Identify by number listed above all purchases in which you covered a "short sale."

    E. Sales of Entropin Warrants and Stock at any time:

| Type of Entropin Security Sold Warrants and Stock | Trade Date (List Chronologically) (Month / Day / Year) | Number of Warrants or Stock Sold | Total Sale Price |
|---|---|---|---|
| 1. _____ | __/__/__ | _____ | $_____.__ |
| 2. _____ | __/__/__ | _____ | $_____.__ |
| 3. _____ | __/__/__ | _____ | $_____.__ |
| 4. _____ | __/__/__ | _____ | $_____.__ |
| 5. _____ | __/__/__ | _____ | $_____.__ |
| 6. _____ | __/__/__ | _____ | $_____.__ |
| 7. _____ | __/__/__ | _____ | $_____.__ |
| 8. _____ | __/__/__ | _____ | $_____.__ |

F.  Number of shares of Entropin Stock and number of Warrants held at close of trading on December 6, 2002:

Shares of Stock: _____    Warrants: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

## YOU MUST READ THE FOLLOWING AGREEMENT TO SUBMIT TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS AND SIGN RELEASE.

### V. AGREEMENT TO SUBMIT TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS.

I (we) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim(s) as Class member(s) and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (we) agree to furnish additional information to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases or acquisitions of Entropin Stock or Warrants and know of no other Person having done so on my (our) behalf.

### VI. RELEASE.

A.  I (we), on behalf of myself (ourselves), and my (our) current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, and any person I (we) represent, hereby release, and shall forever be enjoined from prosecuting, any and all known and unknown claims against any person or entity arising out of or relating in any way to the subject matter of *In re Entropin, Inc. Securities Litigation*.

B.  This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

C.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

D.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Entropin Stock and Warrants which occurred between July 1, 1999 and December 2, 2002, as well as the number of shares of Entropin Stock and Warrants held by me (us) at the close of trading on December 6, 2002.

### SUBSTITUTE FORM W-9
Request for Taxpayer Identification Number ("TIN") and Certification
#### PART I

NAME: _____

Check appropriate box:  ☐ Individual/Sole Proprietor   ☐ Corporation   ☐ Partnership   ☐ Trust
                       ☐ IRA   ☐ Pension Plan   ☐ Other _____

Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

___ ___ ___ – ___ ___ – ___ ___ ___ ___       or       ___ ___ – ___ ___ ___ ___ ___ ___ ___
Social Security Number                                  Employer Identification Number

## PART II

*For Payees Exempt from Backup Withholding*

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

## PART III

*Certification*

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1. The number shown on this form is (our) my correct TIN; and

2. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ (Month/Year),

in _____, _____.
           (City)                                                   (State/Country)

_____
(Sign your name here)

_____
(Signature of person signing on behalf of Claimant)

_____
(Type or print your name here)

_____
(Print your name here)

_____
(Signature of Joint Owner, if any)

_____
(Capacity of person(s) signing e.g. Beneficial Purchaser)

In re Entropin Securities Litigation
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
Media, PA 19063

# FIRST CLASS MAIL

### PLEASE FORWARD—IMPORTANT LEGAL NOTICE

**Reminder Checklist:**

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation.
3. Do not send original of stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.